UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Ralph Bronson Fils-Aime

<table>
<tr><td>v.</td><td>Case No. 1:25-cv-287-JL-TSM<br>Opinion No. 2025 DNH 126 P</td></tr>
</table>

FCI Berlin, Warden, et al.

## **MEMORANDUM ORDER**

Petitioner Ralph Bronson Fils-Aime is a Haitian national and asylum-seeker held

in ICE custody under two mandatory detention statutes: 8 U.S.C. §§ 1225(b) and 1231(a).

His pending habeas petition concerns whether his continued detention without a bond

hearing violates the Due Process Clause of the Fifth Amendment.

He asks the court, under 28 U.S.C. § 2241, to order the respondents, various

officials of the U.S. Immigration and Customs Enforcement and U.S. Department of

Homeland Security,[1] to provide him with a bond hearing before an Immigration Judge.

Respondents moved to dismiss the case, or, in the alternative, for summary judgement.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 2241 (federal question

and habeas corpus).  Having reviewed the parties' briefing and held oral argument, the

court denies the respondents' motion and orders the respondents to provide the petitioner

---

[1] Petitioner names respondents Andrew Ackley, Acting Warden of the Federal Correctional Institute, Berlin, Patricia Hyde, Acting Field Office, Director of the Immigration and Customs Enforcement, Enforcement and Removal Operations, Boston Field Office, Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement, Kristi Noem, Secretary of U.S. Department of Homeland Security, and Pamela Bondi, U.S. Attorney General.  *See* Mot. Dismiss (doc. no. 15) at 1.

with a bond hearing in Immigration Court because, under these specific facts and circumstances, petitioner's continued detention violates the Due Process Clause.

## I.     Background

Petitioner Ralph Bronson Fils-Aime is a Haitian national and asylum-seeker who has been in ICE custody since August 22, 2024.[2]  He entered the U.S. through the U.S.-Mexico border without admission or inspection by immigration officials and was taken into custody by Customs and Border Control officers in April 2022 near El Paso, Texas.[3]  He requested asylum and claimed a fear of returning to Haiti.[4]  He was released on parole on April 30, 2022 under 8 U.S.C. § 1182(d)(5)(A) (humanitarian parole).[5]  He, along with his partner, settled in Massachusetts, where several members of his family live.[6]  They had a U.S.-citizen daughter in 2023.[7]  He has been arrested by local police twice for charges that were then dismissed and has a pending traffic-related criminal case at the Concord (MA) District Court.[8]

The petitioner's current detention began on August 22, 2024, when he was detained by ICE officers in Burlington, MA.[9]  An asylum officer initially found that he did not have a credible fear of returning to Haiti, but Fils-Aime requested review of the finding, which was vacated by an Immigration Court on September 19, 2024.[10]  On

---

[2] Opp. Mot. Dismiss (doc. no. 16) at 5.
[3] *Id.*
[4] Mem. Mot. Dismiss (doc. no. 15-1) at 3.
[5] *Id.*
[6] Pet. (doc. no. 1) at 6.
[7] *Id.* at 7.
[8] Notice (doc. no. 21) at 2.
[9] Mem. Mot. Dismiss (doc. no. 15-1) at 4.
[10] *Id.*

October 2, 2024, ICE initiated removal proceedings.[11]  On November 25, 2024, the petitioner filed an application for fear-based relief from removal.[12]  He requested a custody redetermination hearing in March 2025, which he withdrew after ICE argued that he was ineligible for such a hearing under 8 U.S.C. § 1225(b).[13]  ICE also denied his April 3, 2025 request for release from detention on parole.[14]  On April 22, 2025 the Immigration Court granted Petitioner withholding of removal under 8 U.S.C. § 1231(b)(3).[15]

After the April 22 order, Petitioner remained in detention under § 1231(a).  On July 31, 2025, Petitioner received notice that ICE intended to remove him to Mexico.[16]  The next day he moved in Immigration Court for a stay of removal and to reopen the removal proceedings.[17]  On August 6, 2025, the Immigration Court granted his petition to reopen proceedings and scheduled an individual hearing with respect to Mexico.[18]  The individual hearing took place on October 8, 2025.  The Immigration Court denied Petitioner's requests for asylum and for withholding of removal from Mexico.[19]  Petitioner's appeal to the Board of Immigration Appeals (BIA) from that denial continues.[20]

---

[11] *Id.*
[12] *Id.*
[13] *Id.* at 4-5.
[14] Opp. Mot. Dismiss (doc. no. 16) at 5.
[15] Mem. Mot. Dismiss (doc. no. 15-1) at 5.
[16] *Id.*
[17] *Id.*
[18] *Id.* at 6.
[19] Joint Status Report (doc. no. 23) at 1-2.
[20] *Id.*

Petitioner also moved in the First Circuit Court of Appeals to stay his removal pending resolution of his petition for review of the DHS removal order (the July 31, 2025 notice that ICE intended to remove petitioner to Mexico).  The Court of Appeals granted the petitioner's motion to stay removal "in relation to any and all removal orders entered against him," which, if the petition for review is denied, will expire when the mandate issues.  *Fils-Aime v. Bondi*, No. 25-1733, Order (1st Cir. Aug. 14, 2025).  On October 20, the Court of Appeals stayed the production of the certified administrative record in light of "on-going proceedings in the agency," staying the petitioner's immigration petition for review until the conclusion of his ongoing removal proceedings.  *Fils-Aime v. Bondi*, No. 25-1733, Order (1st Cir. Oct. 20, 2025).

## II.     Legal Standard

District courts have jurisdiction to hear federal habeas petitions.  *See* 28 U.S.C. § 2241(a).  The petitioner carries the burden to establish entitlement to a writ of habeas corpus by proving that his custody violates the Constitution, laws, or treaties of the United States.  *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to an unlawful detention is on the petitioner.").

"The court must accept factual allegations in the complaint as true, draw reasonable inferences from those facts in the petitioners' favor, and 'determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted.'" *Gomes v. US Dep't of Homeland Sec., Acting Sec'y*, No. 20-CV-453-LM, 2020 WL 3258627, at *3 (D.N.H. June 16, 2020) (McCafferty, J.) (quoting *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71, 75 (1st Cir. 2014)).  Similarly, on a

Rule 56(a) motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also, Tang v. Citizens Bank*, N.A., 821 F.3d 206, 215 (1st Cir. 2016).

## III.    Analysis

ICE has detained Files-Aime since August 22, 2024, a total of 14 months, more than twice as long as the presumptively reasonable 6-month period set forth in *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (statutory challenge to detention under 8 U.S.C. § 1231(a)).  He brings a purely constitutional claim, arguing that the length of his continued detention under 8 U.S.C. §§ 1225(b) and 1231(a)[21] violates the Fifth Amendment's Due Process Clause.[22]

Neither the United States Supreme Court nor the First Circuit Court of Appeals has directly addressed the question of whether aliens held under § 1225(b) who have been granted withholding of removal have greater due process rights than those who have not. Courts have regularly held that "certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographical borders," *Zadvydas*, 533 U.S. at 693, and Respondents argue that under the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, "arriving aliens," like the petitioner, who are apprehended "shortly after unlawful entry" should be "'treated' for

---

[21] The parties agree that the petitioner is currently held under 8 U.S.C. §§ 1225(b)(1)(B)(ii). Pet'r's Status Report (doc. no. 27) at 2.
[22] Pet. (doc. no. 1) at 9.

due process purposes 'as if stopped at the border,'" even if they have been "paroled elsewhere in the country for years pending removal." 591 U.S. 103, 139 (2020) (citation omitted).  As an "arriving alien," Respondents argue, the petitioner is entitled to "nothing more" under the Due Process Clause than "the protections set forth by statute,"[23] accordingly, because § 1225(b) mandates detention, the petitioner "does not allege any deprivation of a statutory protection" and his due process claim should fail.[24]

The respondents' argument is based on a selective reading of *Thuraissigiam*.  The complete passage, selectively quoted by the Respondents, states that "an alien in [Thuraissigiam's] position has only those rights regarding *admission* that Congress has provided by statute…[b]ecause the Due Process Clause provides nothing more, it does not require review of that determination or how it was made." 591 U.S. at 140 (emphasis added).  *Thuraissigiam's* rationale is based on the executive's "plenary authority to decide which aliens to admit, and [the] concomitant…power to set the procedures to be followed in determining whether an alien should be admitted." *Id*. at 139 (internal citations omitted).  The holding circumscribed only due process rights to challenge admission decisions—in the case of the *Thuraissigiam* petitioner, denial of his asylum application—and left open due process challenges to prolonged detention.  *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025) ("Nowhere in [*Thuraissigiam*] did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held indefinitely and unreasonably with no due process implications, nor that such aliens have no due process

---

[23] Mem. Mot. Dismiss (doc. no. 15-1) at 8-9 (quoting *Thuraissigiam*, 591 U.S. at 140).
[24] *Id.*

rights whatsoever."); *Gao v. LaRose*, 2025 WL 2770633, at *3 (S.D. Cal. Sept. 26, 2025) ("This Court likewise agrees with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*.") (emphasis in original); *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) ("The holding in *Thuraissigiam* does not foreclose Plaintiffs' due process claims which seek to vindicate a right to a bond hearing with certain procedural protections.").

The petitioner does not dispute that he may have enjoyed fewer due process protections following termination of his parole status under 8 U.S.C. § 1182(d)(5)(A).[25] Instead he argues that the April 22, 2025 withholding of removal order granted him additional rights to due process protections, distinguishing his case from those involving people detained at the border and paroled into the United States whose withholding of removal or asylum applications are ongoing or had been denied.[26]  *See e.g., Amanullah v. Nelson*, 811 F.2d 1 (1st Cir. 1987) (asylum and withholding of deportation applications pending); *Alexandre v. Decker*, No. 17-CIV-5706-GBD-KHP, 2019 WL 1407353 (S.D.N.Y. Mar. 28, 2019) (asylum application denied by both the Immigration Court and BIA; no indication of withholding of removal); *Poonjani v. Shanahan¸* 319 F. Supp. 3d 644, 646 (S.D.N.Y. 2018) ("Petitioner's [asylum, withholding of removal, and protection under the Convention Against Torture] application currently remains pending."); *Aracely*

---

[25] *See* Surreply, Ex. 20 (doc. no. 20-1) at 2 (interim notice authorizing petitioner's parole under INA § 212(d)(5)(A)).
[26] *Id.*

*R. v. Nielsen*, 319 F. Supp. 3d 110, 122 (D.D.C. 2018) (no indication that any noncitizen in the case was granted a statutory relief).[27]

The court does not reach the question of whether receiving withholding of removal may entitle the petitioner to greater due process with respect to his detention under 1225(b), because it joins the several district and circuit courts that have suggested and held that prolonged mandatory detention pending removal proceedings, without a bond hearing, will at some point violate the right to due process. *See Gao*, 2025 WL 2770633, at *3; *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 28 (1st Cir. 2021) ("The government's exercise of its power to detain immigrants pending removal 'is subject to important constitutional limitations.'" (quoting *Zadvydas*, 533 U.S. at 695)); *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 449 n.32 (3d Cir. 2016) ("This is not to say that the political branches' power over immigration is limitless in all respects. We doubt, for example, that Congress could authorize, or that the Executive could engage in, the indefinite, hearingless detention of an alien simply because the alien was apprehended shortly after clandestine entrance."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government."); *A.L.*,

---

[27] The petitioner's case is also distinguishable from *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956 (1953), cited by the respondents, because the court's denial of a bond hearing there was grounded in the potential national security threat represented by the petitioner, a circumstance not applicable here.

8

761 F. Supp. 3d at 825-26 ("This Court finds that an arriving alien such as Petitioner has a constitutional due process right to a bond hearing once his detention becomes unreasonable to the same extent as an alien who is subject to removal under § 1226(c)."); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("Essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.") (citations removed); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."); *Leke v. Hott*, 521 F. Supp. 3d 597, 603 n.8 (E.D. Va. 2021) (gathering cases for the same proposition).

The petitioner urges the court to use the four-factor test found in *A.L.*, which considers length of detention, likely duration of future detention, the reasons for the delay, and whether the conditions of confinement are "meaningfully different from criminal punishment," to assess whether the petitioner's detention has become unreasonable under the Due Process Clause.[28]  *A.L.*. 761 F. Supp. 3d at 826, (citing

---

[28] Opp. Mot. Dismiss (doc. no. 16) at 12.  This court, as well as other courts in this Circuit, have relied on a similar test, based on the non-exhaustive factors set forth in the withdrawn *Reid v. Donelan*, 819 F.3d 486 (1st Cir. 2016), *opinion withdrawn on reconsideration,* No. 14-1270, 2018 WL 4000993 (1st Cir. May 11, 2018), as "[t]he best framework [] for assessing a due process constitutional challenge to continued detention without a bond hearing" *Smorodska v. Strafford Cnty. Dep't of Corr.*, No. 1:20-cv-446-JL, Order (doc. no. 31) at *3 (D.N.H. May 14, 2020) (citing *Rocha v. Barr*, 422 F. Supp. 3d 472, 480 (D.N.H. 2019)) (cleaned up).  The court uses the *A.L.* test, first, because it was requested by the petitioner, and second, because the First

*German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 212 (3d Cir. 2020)).

Respondents do not object to the application of the test, nor did they directly address any

of the four suggested factors in their briefing.[29]  Because the Respondents do not object,

the court will apply the test as urged by the petitioner.

 ***Length of detention***.  As noted above, the petitioner has been detained for 14

months, more than two times longer than the presumptively reasonable 6-month period

set forth in *Zadvydas*, 533 U.S. at 693.  For due process purposes, the court does not

distinguish between the time the petitioner was detained under § 1225(b) versus §

1231(a) and considers both together.  *See Bourguignon v. MacDonald*, 667 F. Supp. 2d

175, 183 (D. Mass. 2009) (observing that "[c]ourts have regularly declined to give

priority to form over substance in this way and have instead considered the periods

together" and adopting the same approach because "simple fairness, if not basic

humanity, dictates that a court should take into consideration the entire period in which a

person has lost his liberty—during what is essentially an integrated process—without

parsing what statutory provision he may have been held under." (citing *Tijani v. Willis*,

430 F.3d 1241, 1242 (9th Cir. 2005); *Villareal–Rodriguez v. Kane*, 2008 WL 2757063, \*2

(D. Ariz. July 14, 2008); *Wilks v. Dep't of Homeland Security*, 2008 WL 4820654 (M.D.

Pa. Nov. 3, 2008); *Casas–Castrillon v. D.H.S.*, 535 F.3d 942, 951 (9th Cir.2008))).

 Though no bright-line rule dictates when detention has become unreasonably

---

Circuit Court of Appeals has indicated that it is "in no way bound" by the *Reid* opinion.  *G.P. v. Garland*, 103 F.4th 898, 904 (1st Cir. 2024).

[29] At oral argument, the respondents agreed to the court's application of the *A.L.* test, as opposed to any other test, for the purposes of this motion.

prolonged, "detention is likely to be unreasonable if it lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics." *Smorodska*, No. 1:20- cv-446-JL, Order at *3 (D.N.H. May 14, 2020) (citing *Reid v. Donelan*, 390 F. Supp. 3d 201, 219 (D. Mass. 2019), *aff'd in part, vacated in part, remanded,* 17 F.4th 1 (1st Cir. 2021)).  Other courts have found detention in this range to be unreasonable.  *See A.L.*, 761 F. Supp. 3d at 826 ("Petitioner has been held in custody without a bond hearing for nearly ten months."); *Lett v. Decker*, 346 F. Supp. 3d 379, 387 (S.D.N.Y. 2018)*, vacated and remanded on other grounds,* No. 18-3714, 2020 WL 13558956 (2d Cir. July 30, 2020) (10 months of detention); *Gao*, 2025 WL 2770633, at *5 (10 months of detention); *Rocha*, 422 F. Supp. 3d at 481 (finding "one-year period" of detention "persuasive"); *Smorodska*, No. 1:20- cv-446-JL, Order at *3 (D.N.H. May 14, 2020) ("Smorodska has been in pre-removal detention for over 13 months—since April 1, 2019.").  The length of the petitioner's detention weighs in his favor.

***Likely duration of future detention***. The petitioner has appealed the denial of his application for asylum and withholding of removal from Mexico with the BIA, and has appealed his order of removal to Mexico with the First Circuit Court of Appeals.  The petitioner's First Circuit appeal is stayed during the pendency of his BIA appeal.[30]  The Court of Appeals has also indicated that he may file a separate appeal based on the outcome of his pending BIA appeal.  It is likely that Petitioner's detention will continue while his appeals are adjudicated, which could take several months.  This also weighs in

---

[30] Joint Status Report (doc. no. 23).

the petitioner's favor.

***Reasons for delay***.  This factor weighs strongly in favor of the Petitioner, who has not caused any of the delay in his case.  The only delays he has created have been in the exercise of his statutory rights to have his credible-fear determination re-examined; to have his immigration proceedings re-opened after he received a notice of removal to Mexico; and to appeal to the BIA the Immigration Judge's recent denial of withholding of removal to Mexico and asylum.  "Courts generally do not consider bona fide immigration proceedings, initiated by the alien, as grounds to deny a bond hearing[.]" *Smorodska*, No. 1:20-cv-446-JL, Order at \*4 (quoting *Rivera-Medrano v. Wolf*, No. 20cv-194-JD, 2020 WL 1695628, at \*4 (D.N.H. Apr. 6, 2020) (DiClerico, J.) (collecting cases)); *see also A.L.*, 761 F. Supp. 3d at 826 (citing *German Santos*, 965 F.3d at 212) ("Delays while he exercises the rights afforded to him by statute cannot be held against him.").  Conversely, the respondents held the petitioner for over three months after he had received a withholding of removal to Haiti, from April 22, 2025 to July 31, 2025, before giving him a notice of removal to Mexico.  During his eight-month detention before April 22, while awaiting his individual hearing, the petitioner sought parole, but DHS never informed him of the outcome of his application, which was presumably denied.  The delay in this case weighs against the respondents.

***Conditions of confinement***.  The Petitioner was detained first at the Plymouth County Correctional Facility in Massachusetts and then at FCI Berlin in New

Hampshire.[31]  Both are "penal facilit[ies]," which favors the petition.  *Rocha*, 422 F. Supp. 3d at 482; *see also Hernandez-Lara v. Lyons*, 10 F.4th at 28 ("Hernandez was incarcerated alongside criminal inmates at the Strafford County Jail for over ten months."); *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) ("[Petitioner] was [] incarcerated under conditions indistinguishable from those imposed on criminal defendants sent to prison following convictions for violent felonies and other serious crimes.").

## IV.    Conclusion

"A constitutional right to a reasonableness hearing or bond hearing for a person [subject to mandatory statutory detention] must be adjudicated on an individual basis." *Reid v. Donelan*, 17 F.4th 1, 9 (1st Cir. 2021).  Under these specific facts and circumstances, the court finds that the petitioner's 14-month detention without a bond hearing is unreasonably prolonged.  "The remedy for a prolonged detention is a bond hearing before an immigration judge at which the government bears the burden of proving [] that the alien should not be released on bond." *Smorodska*, No. 1:20-cv-446-JL, Order at *5 (quoting *Rivera-Medrano*, 2020 WL 1695628, at *5).  Fils-Aime is entitled to such a hearing to be held as soon as practicable.

For the reasons stated above, the court GRANTS habeas relief as follows:[32] the respondents shall provide petitioner with a bond hearing as soon as practicable.  The

---

[31] Opp. Mot. Dismiss (doc. no. 16) at 15.
[32] Doc. no. 1.

court DENIES the respondents' motion to dismiss or for summary judgment.[33]


SO ORDERED.

_____
Joseph N. Laplante
United States District Judge


Dated: October 31, 2025

cc: Counsel of Record

---

[33] Doc. no. 15.